# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL DEMOLITION & | ) | |
| RECYCLING, LLC, | ) | Case No.: 10-10026 (MFW) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## APPLICATION OF GLOBAL DEMOLITION & RECYCLING, LLC, PURSUANT TO SECTION 327 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014, TO RETAIN AND EMPLOY PINCKNEY, HARRIS & WEIDINGER, LLC AS COUNSEL TO THE DEBTOR, NUNC PRO TUNC TO THE PETITION DATE

The above captioned debtor and debtor-in-possession (the "Debtor"), hereby files this application (the "Application"), pursuant to section 327(a) of title 11 of the United State Code (the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2014-1 of the Local Rules Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order authorizing the retention of Pinckney, Harris & Weidinger, LLC ("PHW") as counsel to the Debtor *nunc pro tunc* to the Petition Date (as defined below). In support of the Application, the Debtor submits the Declaration of Donna L. Harris, a member of PHW (the "Harris Declaration"), attached as Exhibit A hereto and incorporated herein by reference. In further support of the Application, the Debtor respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

## BACKGROUND

2. On January 6, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been make for the appointment of a trustee or examiner, and no statutory committee has been appointed in this case.

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of Albert Arillotta in Support of Initial Pleadings and Emergency Relief (the "Arillotta Declaration") filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

5. The Debtor desires to retain and employ PHW as its counsel in this chapter 11 case. By this Application, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to retain and employ PHW as the Debtor's counsel *nunc pro tunc* to the Petition Date, to represent the Debtor in all aspects of this chapter 11 case.

## BASIS FOR RELIEF

6. Under section 327(a) of the Bankruptcy Code, a debtor-in-possession may employ one or more attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided such attorneys are disinterested persons and do not hold or represent an interest adverse to the bankruptcy estate.[1]

---

[1] With limited exceptions, the rights and duties of the debtor-in-possession are the same as those of a trustee or examiner as set forth in section 1106 of the Bankruptcy Code. See 11 U.S.C. §§ 1106 and 1107.

7. The Debtor seeks to retain PHW because of the firm's experience and knowledge in the fields of, inter alia, debtors' and creditors' rights, business reorganizations and liquidations under the Bankruptcy Code, and because of its expertise, experience, and knowledge of practicing before this Court, its proximity to the Court and its ability to respond quickly to hearings and other matters in this Court. In addition, PHW has gained invaluable knowledge regarding the business of the Debtor as a result of its pre-petition representation of the Debtor.

8. As set forth in the Harris Declaration, PHW does not, and has not, represented any entity in matters related to this chapter 11 case, other than the Debtor prior to the Petition Date. PHW may represent or may have represented certain parties with certain interests in this case, on matters unrelated to this chapter 11 case, as more fully disclosed in the Harris Declaration.

9. In connection with its representation of the Debtor prior to the Petition Date, PHW received, on or about June 19, 2009, a $5,000 retainer from the Debtor. This amount was used to pay one invoice dated July 13, 2009 in the amount of $1,995.48 in full, and the rest to pay a portion of an invoice dated August 20, 2009 in the amount of $6,357.98, leaving a balance of $3,353.46. As of October 2009, PHW was owed $3,622.32 related to work performed on the matter in 2009. No invoices were issued in the matter in November or December 2009. On or about January 5, 2010, the Managing Member of the Debtor, in his individual capacity, paid PHW $10,000 to cover the 2009 balance due as well as the amounts incurred by PHW in December 2009 and January 2010 for the preparation of the bankruptcy filing in the amount of $6,210.00. Thus, PHW obtained payment in the amount of $9,832.32 on January 6, 2010 out of the monies paid to PHW from the Managing Member. In addition, PHW received $10,000 from the Debtor on January 4, 2010 to hold as a retainer during the bankruptcy case.

10. Subject to Court approval, in accordance with sections 328, 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable Orders of this Court, the Debtor proposes to compensate PHW on an hourly basis pursuant to its customary hourly rates in effect from time to time as set forth in the Harris Declaration, plus reimbursement of actual, necessary expenses incurred by PHW on the Debtor's behalf for work related to this chapter 11 case.

11. PHW's current hourly rates for work of this nature performed by its attorneys and law clerks range from $200.00 to $350.00. PHW charges $150.00 per hour for work performed by its paralegal staff. These hourly rates are subject to periodic increase in the normal course of PHW's business. The particular attorneys may, from time to time, vary based on the needs of the engagement. All professionals will bill at PHW's regular hourly rates for work of this nature. These rates are set at a level to fairly compensate PHW for the work of its attorneys and to cover fixed and routine overhead expenses.

12. It is PHW's policy to charge its clients in all areas of practice for all out of pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, photocopying charges, travel expenses, expenses for "working meals", computerized research, court filing fees, deposition expenses, service of process fees, postage, court filing/hand delivery services, electronic research at standard rates, expert and lay witness fees and costs, and other costs with the approval of the Debtor and this Court.

13. The Debtor requests that the compensation arrangement outlined herein be approved, and that he be authorized to so compensate PHW as an ongoing administrative expense, subject to Court approval as set forth in the Local Rules of this Court.

4

## NOTICE

14. Notice of this Motion has been given to (a) the Office of the United States Trustee, (b) the Debtor's pre-petition secured creditor, (c) the entities appearing on the list of creditors holding the twenty largest unsecured claims against the Debtor, and (d) all persons requesting notice in this case. The Debtor submits that under the circumstances no further notice is necessary.

Wherefore, the Debtor respectfully requests the entry of an order, in a form substantially similar to that annexed hereto, authorizing the retention of PHW, *nunc pro tunc* to the Petition Date, as counsel to the Debtor in this case, and granting such other and further relief as may be just and proper

Date: January 7, 2010

Albert Arillotta, Managing Member
Global Demolition & Recycling, LLC