# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| GLOBAL DEMOLITION & ) | Case No. 10-10026 (MFW) |
| RECYCLING, LLC, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

## DECLARATION OF ALBERT A. CIARDI, III IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF CIARDI CIARDI & ASTIN AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 29, 2010

STATE OF PENNSYLVANIA )
) ss.:
COUNTY OF PHILADELPHIA )

Albert A. Ciardi, III, makes this Declaration pursuant to 28 U.S.C. § 1746 and states:

1. I am a member of Ciardi Ciardi & Astin ("Ciardi"), which maintains offices for the practice of law at 919 N. Market Street, Suite 700, Wilmington, Delaware 19801. I am an attorney at law, duly admitted and in good standing to practice in the Commonwealth of Pennsylvania, the States of Florida and New Jersey as well as the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit.

2. I submit this declaration in connection with the application (the "Application") of the Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the case of the above-captioned debtor (collectively, the "Debtor") for an order approving the retention of Ciardi as its co-counsel, *nunc pro tunc*

to January 29, 2010 (the "Formation Date"), and to provide the disclosures required under section 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. All terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

4. In connection with its proposed retention by the Creditors' Committee in this case, Ciardi researched its client database to determine whether it has any relationships with the Debtor, and key parties in interest in this case. Insofar as I have been able to ascertain, the members of Ciardi, the attorneys who are of counsel to Ciardi, and associates thereof do not represent any other parties in interest, or their attorneys and accountants, in this chapter 11 case. Furthermore, Ciardi has no connection (as such term in used in section 101(14) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules) with the Debtor, their respective creditors, any other party in interest, the Debtor's current respective attorneys or professionals, the United States Trustee, or any person employed in the Office of the United States Trustee, and does not hold or represent any entity having an adverse interest in connection with the Debtor's cases. For so long as Ciardi represents the Creditors' Committee, Ciardi will not represent any entity other than the Creditors' Committee in connection with this case.

5. Ciardi is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Ciardi, its members, counsel and associates:

   (a) are not creditors, equity security holders or insiders of the Debtor;

(b) are not and were not, within two years before the date of the filing of the involuntary petition, a director, officer, or employee of the Debtor; and

(c) do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor for any other reason.

6. Ciardi has certain relationships with and has represented, is representing or will represent certain creditors, other parties in interest, other professionals and service providers in connection with unrelated matters, but has not represented any such party in connection with matters relating to the Debtor.

7. Ciardi intends to apply for this Court's approval of compensation for professional services rendered in connection with this chapter 11 case and, in compliance with applicable provision of the Bankruptcy Code, Bankruptcy Rules and Order of this Court, seeks compensation on an hourly basis, plus reimbursement of actual and necessary expenses and other charges that Ciardi incurs. Ciardi has advised the Creditors' Committee that Ciardi's hourly rates range from $225 to $450 per hour for attorneys, from $120 to $180 per hour for paraprofessionals. These hourly rates are subject to periodic adjustment to reflect economic and other conditions.

8. The hourly rates set forth above are Ciardi's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Ciardi for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Ciardi's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, printing charges, toll

charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Ciardi will charge for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients and with the Local Rules.

9. The professional services that Ciardi has rendered and will render to the Committee include, but shall not be limited to, the following:

(a) providing legal advice with respect to its powers and duties as the Creditors' Committee, an official committee appointed under section 1102 of the Bankruptcy Code;

(b) assisting in the investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business, and any other matter relevant to this case or to the formulation of a plan or plans of reorganization or liquidation;

(c) preparing, on behalf of the Creditors' Committee, necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

(d) reviewing, analyzing, and responding to all pleadings filed by the Debtor and appearing in Court to present necessary motions, applications, and pleadings, and to otherwise protect the interests of the Creditors' Committee;

(e) consulting with the Debtor, their professionals and the United States Trustee concerning the administration of the Debtor's respective estate;

(f) representing the Committee in hearings and other judicial proceedings;

(g) advising the Committee on practice and procedure in the Bankruptcy Court for the District of Delaware; and

(h) performing all other legal services for the Creditors' Committee in connection with these chapter 11 cases.

10. No promises have been received by Ciardi nor by any members, counsel, or associates thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Ciardi has, in connection with this chapter 11 case, no agreement regarding the sharing of compensation with any other entity, other than with the members of Ciardi.

11. Neither Ciardi nor any member, counsel, or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to the Creditors' Committee in the matters upon which Ciardi is to be engaged.

12. By reason of the foregoing, I believe Ciardi is eligible for employment and retention by the Creditors' Committee pursuant to sections 328(a) and 1103 of the Bankruptcy Code and the applicable Bankruptcy Rules.

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

_____
Albert A. Ciardi, III